UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TAI-RON R. CROCKETT, | ) | CASE NO. 1:16-cv-00550 |
| | ) | |
| PETITIONER, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| | ) | |
| BRINGHAM SLOAN, WARDEN, | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| RESPONDENT. | ) | |

Petitioner Tai-Ron R. Crockett ("Petitioner" or "Crockett"), acting *pro se*, filed this habeas corpus action pursuant to 28 U.S.C. § 2254 ("Petition") on March 7, 2016. Doc. 1. Crockett challenges the constitutionality of his October 7, 2013, conviction and sentence in *State of Ohio v. Tai-Ron R. Crockett*, Case No. CR-13-574520-A (Cuyahoga County). Doc. 1, Doc. 11-2, p. 10.

In May 2013, Crockett was indicted on six counts: Count One – Aggravated Murder in violation of O.R.C. § 2903.01(A), with one and three year firearm specifications; Count Two – Murder in violation of O.R.C. § 2903.02(B), with one and three year firearm specifications; Count Three – Felonious Assault in violation of O.R.C. § 2903.11(A)(1), with one and three year firearm specifications; Count Four – Felonious Assault in violation of O.R.C. § 2903.11(A)(2), with one or three year firearm specifications; Count Five – Kidnapping in violation of O.R.C. § 2905.01(A)(3), with one and three year firearm specifications; and Count Six – Having Weapons

1

Under Disability in violation of O.R.C. § 2923.13(A)(2).  Doc. 11-2, pp. 1-4.   On recommendation of the prosecutor, Count Two was amended to Murder in violation of O.R.C. § 2903.02(A), with a three year firearm specification and Count Three was amended to Felonious Assault in violation of O.R.C. § 2903.11(A)(1), with deletion of the firearm specifications.  Doc. 11-2, pp. 9, 60.  The State nolled Counts One, Four, Five, and Six.  Doc. 11-2, p. 9.  Crockett pleaded guilty to Counts Two and Three, as amended.  Doc. 11-2, p. 10.  The plea carried with it an agreed sentence of 23 years to life.  Doc. 11-2, pp. 60, 326.

Crockett's Petition asserts four grounds for relief.  Doc. 1.  This matter has been referred to the undersigned Magistrate Judge pursuant to Local Rule 72.2.  On July 14, 2016, Respondent filed a Motion to Dismiss, arguing that the Crockett's Petition does not present federal constitutional issues and therefore should be dismissed.  Doc. 8.  Crockett filed a response to the Motion to Dismiss on October 6, 2016.  Doc. 12.  For the reasons set forth herein, the undersigned recommends that the Court **GRANT** Respondent's Motion to Dismiss (Doc. 8) and **DISMISS with prejudice** Crockett's Petition (Doc. 1).

## I.      Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual determinations are presumed correct.  28 U.S.C. § 2254(e)(1).  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  *Id.*; *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008) *cert. denied,* 129 S. Ct. 2878 (2009).   In its October 16, 2014, opinion affirming Crockett's conviction and sentence, the Eighth District Court of Appeals summarized the facts underlying Crockett's conviction as follows:

> {¶ 2} On May 11, 2013, the appellant had a verbal altercation with his mother's boyfriend, Orlando Smith.  Appellant shot Smith, striking him in the face,

2

>shoulder, and neck. Smith subsequently died of his injuries. Appellant was indicted pursuant to a six-count indictment . . .

*State v. Crockett*, 2014 WL 5306792, * 1 (Ohio App. Ct. Oct. 16, 2014); Doc. 11-2, p. 59, ¶ 2.

## II. Procedural Background

### A. State Conviction and Sentencing

As indicated above, in May 2013, Crockett was indicted on six counts. Doc. 11-2, pp. 1-4. Crockett pleaded not guilty to the indictment on June 3, 2013. Doc. 11-2, p. 8. Thereafter, on June 19, 2013, Crockett's trial counsel filed a motion to refer Crockett to the psychiatric clinic for an evaluation of his sanity and for an evaluation of his competency to stand trial. Doc. 11-2, p. 325 (Eighth District Court of Appeals' January 21, 2016, Journal Entry and Opinion regarding Crockett's petition for post-conviction relief). The trial court granted the motion and, on July 20, 2013, Crockett was evaluated. Doc. *Id.* The examiner determined, with a reasonable medical certainty, that Crockett did not have a severe mental disease or defect at the time of the shooting and that Crockett was able to understand the nature and objectives of the court proceedings and assist in his defense. Doc. 11-2, pp. 325-326. On August 28, 2013, the parties stipulated to the findings of the court psychiatric clinic and Crockett was found to be sane and competent to stand trial. Doc. 11-2, p. 59 (Eighth District Court of Appeals' October 16, 2014, Journal Entry and Opinion affirming Crockett's conviction and sentence).

On September 25, 2013, Crockett withdrew his not guilty pleas and entered guilty pleas to Count Two and Count Three, as amended, with an agreed sentence of 23 years to life. Doc. 11-2, pp. 9-10, 60, 326. On October 7, 2013,[1] the trial court sentenced Crockett to a prison term of 3 years on the firearm specification in Count Two to run prior to and consecutive to 15 years to life on Count Two, with the possibility of parole after 18 years, and 5 years on Count Three to

---

[1] The journal entry was docketed on October 8, 2013. Doc. 11-2, p. 10.

3

be served consecutive to Count Two, making it 23 years before Crockett would be eligible for parole. Doc. 11-2, p. 10.

**B.      Motion for Delayed Appeal**

On January 23, 2014, Crockett filed a Motion for Leave to Filed Delayed Appeal and for Appointment of Counsel and Transcript at State's Expense. Doc. 11-2, pp. 11-19. On February 11, 2014, the Eighth District Court of Appeals granted Crockett's motion and appointed appellate counsel to represent Crockett. Doc. 11-2, p. 20. On May 13, 2014, Crockett, through counsel, filed his Brief (Doc. 11-2, pp. 21-45) raising the following assignments of error:

1. Appellant's convictions for murder, as charged in Count II of the amended indictment, and felonious assault, as charged in Count III of the amended indictment, are improper under *Ohio Rev. Code* § 2941.25, the Double Jeopardy Clause of the Fifth Amendment to the Constitution of the United States, and Article I, Section 10, of the Constitution of the State of Ohio.

2. The trial court committed prejudicial error by accepting a recommended sentence which is contrary to law and is not authorized by law.

Doc. 11-2, pp. 25, 28-34. On July 1, 2014, the State filed its appellate brief. Doc. 11-2, pp. 46-56. On October 16, 2014, the Eighth District Court of Appeals affirmed the trial court's judgment. Doc. 11-2, pp. 57-67.

On November 24, 2014, Crockett, acting *pro se*, filed a Notice of Appeal (Doc. 11-2, pp. 68-69) and Memorandum in Support of Jurisdiction (Doc. 11-2, pp. 70-100) with the Supreme Court of Ohio raising the following proposition of law:

1. R.C. 2941.25 codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article 1 of the Ohio Constitution, which prohibits multiple punishments for the same offense. The statute states: "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

Doc. 11-2, pp. 71, 82-86. The State filed a Waiver of Memorandum in Response. Doc. 11-2, p.

4

101. On April 8, 2015, the Supreme Court of Ohio declined to accept jurisdiction of Crockett's appeal.  Doc. 11-2, p. 102.

C. **Ohio App. R. 26(B) Application to Reopen Direct Appeal**

On December 10, 2014, Crockett, acting *pro se*, filed an application to reopen his direct appeal pursuant to Ohio App. R. 26(B).  Doc. 11-2, pp. 103-134.  Crockett argued that his appellate counsel was ineffective for failing to argue that the trial court erred in accepting his guilty plea without first advising him of his constitutional right to confront his accusers and determining that Crockett understood that he was waiving that right.  Doc. 11-2, pp. 105-106, 109.  The State filed an opposition to Crockett's application to reopen.  Doc. 11-2, pp. 135-141.  Crockett filed a response.  Doc. 11-2, pp. 142-150.  On January 28, 2015, the Eighth District Court of Appeals denied Crockett's application to reopen, concluding that Crockett's sole proposed assignment of error was contradicted by the record and did not establish a colorable claim of ineffective assistance of appellate counsel.  Doc. 11-2, pp. 151-156.

On March 2, 2015, Crockett, acting *pro se*, filed a Notice of Appeal (Doc. 11-2, pp. 157-158) and Memorandum in Support of Jurisdiction (Doc. 11-2, pp. 159-180) with the Supreme Court of Ohio raising the following proposition of law:

> 1. Appellant-Tai-Ron R. Crockett was denied the effective assistance of appellate counsel in violation of his Sixth, and Fourteenth Amendment rights under the United States Constitution and Article 1 § 10 of the Ohio Constitution for counsel's failure to raise the issue that a trial court commits prejudicial error and denies a defendant due process of law under the Fifth, Sixth, and Fourteenth Amendment protections of the United States Constitution; and Article 1, § 10 of the Ohio Constitution for failure to use the exact language of Crim R. 11(C)(2)(c) when it orally advise a defendant before accepting a felony plea that the plea waives (2) *the right to Confront One's accusers* was not explained in a manner reasonably intelligent to a defendant.

Doc. 11-2, pp. 160, 169-172 (emphasis in original).  The State filed a Waiver of

Memorandum in Response. Doc. 11-2, p. 181. On April 29, 2015, The Supreme Court of Ohio declined to accept jurisdiction of Crockett's appeal. Doc. 11-2, p. 182.

**D.    Delayed Petition for Post-Conviction Relief pursuant to Ohio Revised Code § 2953.23(A)(1)&(a)**

In April 2015, Crockett, acting *pro se*, filed a delayed petition for post-conviction relief. Doc. 11-2, pp. 183-224. Crockett argued that his trial counsel was ineffective for failing to subpoena mental health records and investigate whether those records would have offered a different opinion about his legal sanity to plead guilty. *Id.* On June 3, 2015, the State file a motion for leave to file a response to Crockett's delayed petition for post-conviction relief. Doc. 11-2, pp. 225-226. Crockett sought dismissal of the State's motion for leave to file a response and requested that a default judgment be entered in his favor on the basis that the State did not timely respond. Doc. 11-2, pp. 251-254. On June 9, 2015, the trial court granted the State's motion for leave to file a response. Doc. 11-2, p. 227. The State filed its response. Doc. 11-2, pp. 228-250. On June 10, 2015, the trial court denied Crockett's petition, finding it untimely and finding that Crockett had not been unavoidably prevented from discovering the supporting materials as he claimed. Doc. 11-2, p. 255. On June 17, 2015, the trial court denied Crockett's motion for default judgment. Doc. 11-2, p. 256.

On June 29, 2015, Crockett, acting *pro se*, filed a notice of appeal from the trial court's denial of his post-conviction petition. Doc. 11-2, pp. 257-267. In his appellate brief (Doc. 11-2, pp. 268-292), Crockett raised the following assignments of error:

1. The trial court erred to appellant's Tai-Ron R. Crockett's prejudiced and abused its discretion when it granted the State of Ohio an extention of time to file a response in opposition to his delayed postconviction petition, that was well outside the 28 day rule of Ohio Civil Rule 12, bring in default, and denying appellant's motion for default judgment, a violation of his right to procedural due process of law; Article 1 § 10 of the Ohio Constitution; and a violation of the Fourteenth Amendment of the United States Constitution.

2. The trial court erred to appellant's prejudiced and abused its discretion when it failed to allow him a chance to respond to the State's motion in opposition within the 14 day time limit as prescribed by the Ohio Civil Rule 56(C) before dismissing his post-conviction petition, a violation of his right to procedural due process of law; Article 1 § 10 of the Ohio Constitution; and a violation of the Fourteenth Amendment of the United States Constitution.

3. The trial court erred to appellant's prejudiced and abused its discretion when it failed to grant appellant Tai Ron Crockett's delayed post conviction petition upon an evidentiary hearing to develop the record after he demonstrated and satisfied R.C. §2953.21(1)(A) as being unavoidably prevented from discovering mental health reports dehors the record due to ineffective assistance of trial counsel for failure to subpoena and investigate whether those psychologists or psychiatrist reports would have offered a different opinion as to his legal sanity to plead guilty which served to deny him effective assistance of counsel, a violation of Article Section 10 of the Ohio Constitution and a violation of the VI and XIV Amendment to the U.S. Constitution.

Doc. 11-2, pp. 273, 278-292. The State filed a response brief on August 13, 2015. Doc. 11-2, pp. 293-311. Crokett filed a reply brief on September 2, 2015. Doc. 11-2, pp. 312-322. On January 21, 2016, the Eighth District Court of Appeals found Crockett's assignments of error to be without merit and affirmed the judgment of the trial court. Doc. 11-2, pp. 323-333.

On February 11, 2016, acting *pro se*, Crockett filed with the Supreme Court of Ohio a Notice of Appeal (Doc. 11-2, pp. 334-335) from the court of appeals' January 21, 2016, journal entry and opinion and a Memorandum in Support of Jurisdiction (Doc. 11-2, pp. 336-364). Crockett raised the following three propositions of law:

1. A trial court has subject matter jurisdiction to entertain an untimely petition for postconviction relief once the statutory provisions in Ohio Revised Code § 2953.23(A)(1)&(a) has been satisfied by a petitioner. Due process of law does not prohibit a state or appellate court to ignore a defendant's compliance with the statute as long as he can demonstrate that he was unavoidably prevented from discovery of the facts predicated upon. Art 1, § 10 of the Ohio Constitution and XIV Amendment to the United States Constitution.

2. Procedural due process of law does not allow for a trial court to grant the State of Ohio an extension of time to file a response that was well outside the 28

> day rule of Ohio Civil Procedure 12.  Art. 1, § 10 of the Ohio Constitution and XIV Amendment to the United States Constitution.
>
> 3. Procedure due process of law does not foreclose an appellant chance to respond to an action within the 14 day time per: Ohio Civil Rule 56(C) in conjunction with the state's motion for summary judgment before dismissing a delayed post-conviction petition.  Art. 1, § 10 of the Ohio Constitution and XIV Amendment to the United States Constitution.

Doc. 11-2, pp. 337, 345-352.  On May 4, 2016, the Supreme Court of Ohio declined to accept jurisdiction of Crockett's appeal.  Doc. 11-2, p. 365.

### E.   Post Petition Motion for Resentencing before a Mental Health Judge

On January 19, 2016, Crockett filed for post-petition sentencing before a mental health judge.  Doc. 11-2, pp. 366-398.  On January 22, 2016, the State filed a response.  Doc. 11-2, pp. 399-404.  On January 25, 2016, the trial court denied Crockett's motion for post-petition resentencing before a mental health judge.  Doc. 11-2, p. 405.

### F.   Federal Habeas Corpus

On March 7, 2016, Crockett, acting *pro se*, filed his habeas Petition asserting four grounds for relief.  Doc. 1.  On July 14, 2016, Respondent filed a Motion to Dismiss, arguing that Crockett's Petition does not present federal constitutional issues and therefore should be dismissed.  Doc. 8.  Crockett filed a response to the Motion to Dismiss on October 6, 2016.  Doc. 12.  Crockett's grounds for relief are discussed below.

### III.   Law and Analysis

### A.   Standard of Review under AEDPA

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA.  *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007).  In particular, the controlling AEDPA provision states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* at 599-600 (quoting *Williams*, 529 U.S. at 413). "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The state court's application of clearly established law must be objectively unreasonable." *Id.*

In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through

9

appeal." *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id*. (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The petitioner carries the burden of proof. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

**B.     Grounds for Relief**

### 1.  Ground One should be dismissed

**Ground One:** The appellant's convictions for murder, as charged in Count 2 of the amended indictment, and felonious assault as charged in Count 3 of the amended indictment, are improper. The trial court committed prejudicial error by accepting the recommended sentence which is contrary to law and is not authorized by law. Defendant asserts that the trial court had an independent duty to conduct an allied offense analysis prior to imposing sentence, and that the offenses are part of the same transaction, and therefore, must be merged. A violation of the Fifth Amendment to the United States Constitution and Section 10, Article 1 of the Ohio Constitution.

Doc. 1, p. 4. In support of Ground One, Crockett attaches two pages of supporting facts, labeled "Facts Supporting Ground One." *See* Doc. 1, pp. 8-9.[2]

In this Ground, Crockett contends that his Fifth Amendment Double Jeopardy rights were violated because the offenses that he pleaded guilty to are allied offenses under *Blockburger v. United States*, 284 U.S. 299 (1932) and the state court did not conduct a proper allied offense analysis. Doc. 1, pp. 4, 8-9; Doc. 12, pp. 2-4.

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement violates the Constitution, laws or treaties of the United States. 28

---

[2] Crockett's Petition also contains another page and half of supporting facts that is also labeled "Facts Supporting Ground One." *See* Doc. 1, pp. 10-11. The facts recited therein pertain to a claim that the trial court erred in accepting his guilty plea without advising him of his constitutional right to confront witnesses. *Id.* That claim is not presented in Crockett's federal habeas grounds for relief and therefore will not be considered herein.

U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).. Thus, a federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68. Accordingly, to the extent that Crockett contends that the state court improperly applied state law regarding allied offenses, Ground One should be dismissed.

Additionally for the reasons set forth below, to the extent that Crockett claims that the failure to merge the two offenses to which he pleaded guilty violated his federal constitutional rights, this Court must defer to the state court's determination that the offenses were not allied offenses and merger was not required.

"The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution states that 'no person . . . shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . .' The clause was incorporated against the states through the enactment of the Fourteenth Amendment." *Person v. Sheets*, 527 Fed. Appx. 419, 423 (6th Cir. 2013) (citing *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)). "[A] defendant may not be subject to multiple punishments unless the state legislature intended to so punish." *Person*, 527 Fed. Appx. at 423 (citing *Missouri v. Hunter*, 459 U.S. 359, 367-368, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983)). "The Double Jeopardy Clause 'protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" *Duncan v. Sheldon*, 2014 WL 185882, * 31 (N.D. Ohio Jan. 15, 2014) (quoting *Volpe v. Trim*, 708 F.3d 688, 696 (6th Cir. 2013) (internal citations omitted)).

11

As stated by the Sixth Circuit:

> In *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court developed the "same elements" test to determine whether Congress has authorized cumulative punishments: "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 304, 52 S.Ct. 180. The *Blockburger* test, however, is a "rule of statutory construction," *Albernaz,* 450 U.S. at 340, 101 S.Ct. 1137 (quoting *Whalen v. United States,* 445 U.S. 684, 691, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980)), "not a constitutional test in and of itself," *McCloud v. Deppisch,* 409 F.3d 869, 875 (7th Cir.2005), *as quoted in Palmer v. Haviland,* 273 Fed.Appx. 480, 486 (6th Cir.2008) (unpublished); *see Hunter,* 459 U.S. at 368, 103 S.Ct. 673 (explaining that the *Blockburger* test, as modified by subsequent precedent, "is not a constitutional rule requiring courts to negate clearly expressed legislative intent"). As a result, the *Blockburger* test "does not necessarily control the inquiry into the intent of a state legislature. Even if the crimes are the same under *Blockburger,* if it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end." *697 Johnson,* 467 U.S. at 499 n. 8, 104 S.Ct. 2536; *accord Hunter,* 459 U.S. at 368–69, 103 S.Ct. 673.

*Volpe v. Trim*, 708 F.3d 688, 696-697 (6th Cir. 2013) (emphasis supplied).

In Ohio, to determine whether the legislature intended to authorize cumulative punishments, courts apply O.R.C. § 2941.25 (Ohio's multiple counts statute), not the *Blockburger* test.  *See Volpe*, 708 F.3d at 697; *see also Jackson v. Smith*, 745 F.3d 206, 212 (6th Cir. 2014), *cert denied, Jackson v. Lazaroff*, 135 S.Ct. 118 (2014) ("Ohio courts apply . . . [O.R.C. § 2941.25], not the *Blockburger* test, to ascertain the Ohio legislature's intent."). Further, "[w]hen assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes."  *Volpe*, 708 F.3d at 697 (quoting *Banner v. Davis*, 886 F.2d 777, 780 (6th Cir. 1989); *see also Galvan v. Prelesnik*, 588 Fed. Appx. 398, * 401 (6th Cir. 2014); *Gilbert v. Burkes*, 2016 WL 3648280, * 10-11 (N.D. Ohio Apr. 21, 2016), *report and recommendation adopted*, 2016 WL 3555371 (N.D. Ohio June 30, 2016).  "Thus, for purposes of double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal court must defer to that determination."  *Volpe*, 708

F.3d at 697; *see also Galvan*, 588 Fed. Appx. 398, * 401; *Gilbert*, 2016 WL 3648280, * 10-11.

As set forth by the Eighth District Court of Appeals, during Crockett's plea and sentencing hearings, the following occurred:

> {¶ 4} On September 25, 2013, the appellant withdrew his previously entered pleas of not guilty and entered pleas of guilty to two of the following amended counts: murder, in violation of R.C. 2903.02(A), with a three-year firearm specification; and felonious assault, in violation of R.C. 2903.11(A)(1). The state nolled the remaining charges. The record reveals that the plea to the two counts carried with it an agreed sentence of 23 years to life. During the plea hearing, the state outlined the agreement on the record as follows:
>
>> There's an agreement amongst the parties that a sentence on the felonious assault of count three would run consecutive to the sentence on count two, and that the sentence on count three would be a five-year sentence. So that [appellant] would not have parole eligibility until after serving 23 years on these two counts.
>
> (Tr. 24–25.)
>
> {¶ 5} Appellant's trial counsel then stated:
>
> [H]e's desirous this morning of entering a plea of guilty to * * * murder, pursuant to 2903.02(A) as amended, with the three-year gun spec, which would carry a life sentence, with the eligibility of 15 years, plus three for the gun, which he understands has to be served first, before he serves any time on the murder.
>
> He understands, Your Honor, * * * he'll plead to the felonious assault, with an agreed sentence of five years consecutive to what I've just stated, as the State of Ohio has set out.
>
> (Tr. 26.)
>
> {¶ 6} The parties further agreed that the two counts would not merge for purposes of sentencing as the record states:
>
>> THE COURT: All right. So, again, I will accept your pleas of guilt and make findings of guilt accordingly. I'll grant the State's request to dismiss the remaining counts in the indictment, also the one-year firearm specification in Count Two, the one and three-year firearm specification in Count Three. Gentlemen, is it also acknowledged that these two offenses would not be allied offenses? [Assistant Prosecutor]?

13

> [Assistant Prosecutor]: Yes. For purposes of the record, felonious assault is not an allied offense of the murder agg. Therefore, it would not merge for purposes of sentencing.
>
> [Defense Counsel]: That's correct, Your Honor.

(Tr. 44.)

{¶ 7} The trial court also explained the agreed plea and sentence during its Crim.R. 11 plea colloquy and stated:

> I understand what the end agreement is here, which is to say, the 23–year sentence to life, and we're going to go over that * * * I'm telling you it's my intention to follow that * * *.

(Tr. 36.)

{¶ 8} Defendant entered guilty pleas to murder with a three-year firearm specification and felonious assault. A sentencing hearing was held on October 7, 2013. At that time, the prosecuting attorney stated, without objection from defense counsel, that "[t]here are facts to differentiate those two counts and that they are not allied offenses of similar import." The prosecuting attorney also stated, without objection, that the fatal shot was one of the final shots fired.

{¶ 9} The trial court imposed the agreed sentence of 15 years to life, plus three years for the firearm specification as to Count 2, murder; and imposed the agreed sentence of a consecutive term of five years on Count 3, felonious assault.

*Crockett*, 2014 WL 5306792, * 1-2; Doc. 11-2, pp. 60-62, ¶¶ 4-9

Here, the state court of appeals considered Crockett's claim that the trial court erred in failing to merge the two offenses to which he pleaded guilty. As found by the state court of appeals, the record was not silent on the issue of allied offenses. *Crockett*, 2014 WL 5306792, * 3; Doc. 11-2, p. 64, ¶ 16. Rather,

> {¶ 16} . . . The agreed plea specifically provided that the offenses were not allied for purposes of sentencing. The defense raised no objection to the prosecuting attorney's statement, prior to imposition of sentence, that "[t]here are facts to differentiate those two counts and that they are not allied offenses of similar import." Therefore, in light of the specific agreement that the offenses were not allied, and as to the total duration of the sentence, the trial court had no duty to merge the sentences. Moreover the agreed sentence imposed herein is authorized

>by law, because the sentence did not exceed the maximum terms prescribed by statute for the offenses, that is, life in prison with parole eligibility after serving 15 years under R.C. 2903.02(A), three years for the firearm specification under R.C. 2941.145, and a two- to eight-year sentence for felonious assault under R.C. 2903.11(A)(1).

*Id.*

As indicated above, "[w]hen assessing the intent of a state legislature, a federal court is bound by a state court's construction of that state's own statutes." *Volpe*, 708 F.3d at 697; *see also Galvan*, 588 Fed. Appx. 398, * 401; *Gilbert*, 2016 WL 3648280, * 10-11, *report and recommendation adopted*, 2016 WL 3555371. Accordingly, since the state court of appeals determined in this case that the offenses of murder and felonious assault that Crockett pleaded guilty to were not allied offenses requiring merger and the sentence imposed was authorized by law, this Court must defer to that decision and dismiss Ground One. *See e.g., Gilbert*, 2016 WL 3648280, * 10-11 (recommending dismissal of ground for relief premised on violation of Double Jeopardy Clause because claim was non-cognizable).

For the reasons set forth above, the undersigned recommends that the Court **GRANT** Respondent's motion to dismiss with respect to Ground One.

### 2. Grounds Two, Three and Four should be dismissed

**Ground Two:** The trial court erred to appellant's prejudiced and abused its discretion when it failed to grant appellant Tai Ron Crockett's delayed post conviction petition upon an evidentiary hearing to develop the record after he demonstrated and satisfied State's Statute for filing untimely petitions as being unavoidably prevented from discovering mental health reports dehors the record due to ineffective assistance of trial counsel for failure to subpoena and investigate whether those psychologists or psychiatrist reports would have offered a different opinion as to his legal sanity to plead guilty which served to deny him effective assistance of counsel, a violation of Article I Section 10 of the Ohio Constitution and a violation of the VI and XIV Amendment to the U.S. Constitution.

**Ground Three:** The trial court erred to Appellant's Tai-Ron Crockett's prejudiced and abused its discretion when it granted the state of Ohio an extension of time to file a response in opposition to his delated postconviction petition, that was well outside the 28 day rule of Ohio Civil Rule 12, being in default, and denying appellant's

motion for default judgment, a violation of his right to procedural due process of law; Article 1 § 10 of the Ohio Constitution; and a violation of the Fourteenth Amendment of the United States Constitution.

**Ground Four:** The trial court erred to Appellant's prejudiced and abused its discretion when it failed to allow him a chance to respond to the State's motion in opposition within the 14 day time limit as prescribed by Ohio Civil Rule 56(C ) before dismissing his post-conviction petition, a violation of his right to procedural due process of law: article 1 § 10 of the Ohio Constitution; and a violation of the Fourteenth Amendment of the United States Constitution.

Doc. 1, pp. 4-5.

Crockett argues that, because the state court of appeals determined the merits of the claims he presents in Grounds Two, Three and Four, those claims are not procedurally defaulted and therefore this Court may address the merits. Doc. 12, pp. 5-6. Respondent, however, does not contend that dismissal is warranted based on a procedural default. Respondent contends that the claims in Grounds Two, Three and Four are not cognizable on federal habeas review and should be dismissed. Doc. 8, pp. 9-11.

The Sixth Circuit has held that claims challenging state post-conviction proceedings are not subject to review under the federal habeas corpus statute, 28 U.S.C. § 2254. *Kirby v. Dutton*, 794 F.2d 245, 246-247 (6th Cir. 1986). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Id.* at 246 (quoting *Preiser v. Rodriquez*, 411 U.S. 475, 484 (1973)). In Grounds Two, Three and Four, Crockett raises alleged errors during state post-conviction proceedings, not errors in the underlying conviction and sentence. Since Crockett's challenges are attacks on the procedure during state collateral proceedings, the claims asserted in Grounds Two, Three and Four are not cognizable on federal habeas review. *Kirby*, 794 F.2d 245; *see also Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) (discussing and following *Kirby*); *O'Neal v. Kelly*, 2013 U.S. Dist. LEXIS 78288, * 11 (N.D. Ohio June 4, 2013)

(dismissing as not cognizable federal habeas grounds for relief that alleged constitutional error in state post-conviction proceedings).

Based on the foregoing, the undersigned recommends that the Court **GRANT** Respondent's motion to dismiss with respect to Grounds Two, Three and Four.

### IV.     Recommendation

For the reasons stated herein, the undersigned recommends that the Court **GRANT** Respondent's Motion to Dismiss (Doc. 8) and **DISMISS with prejudice** Crockett's Petition (Doc. 1).

January 9, 2017

Kathleen B. Burke
United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).