PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TAI-RON R. CROCKETT, ) | |
| ) | CASE NO. 1:16CV00550 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| BRIGHAM SLOAN, ) | |
| ) | |
| Respondent. ) | **MEMORANDUM OF OPINION AND** |
| ) | **ORDER** [Resolving ECF Nos. 8 and 15] |

Petitioner Tai-Ron R. Crockett, an Ohio prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging four (4) grounds for relief which challenge the constitutional sufficiency of his conviction and sentence in Cuyahoga County, Ohio Court of Common Pleas Case No. CR-13-574520-A. Respondent filed a Motion to Dismiss (ECF No. 8). The case was referred to Magistrate Judge Kathleen B. Burke for a Report and Recommendation. The magistrate judge subsequently issued a Report (ECF No. 13) recommending that the petition be dismissed. ECF No. 13 at PageID #: 462. Petitioner filed objections (ECF No. 15) to the magistrate judge's Report. Based upon the record before it, the Court overrules the objections, adopts the Report and Recommendation, and dismisses the petition.

**I. Facts**

On direct appeal, the Ohio Court of Appeals described the factual background

(1:16CV00550)

of Petitioner's trial and convictions.  See *State v. Crockett*, No. 100923, 2014 WL 5306792, at *1-2 (Ohio App. 8th Dist. Oct. 16, 2014) (ECF No. 11-2 at PageID #: 108-11).  That description is presumed accurate and fully incorporated herein.

## II. Standard of Review for a Magistrate Judge's Report and Recommendation

When objections have been made to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).  A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*

If an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review.  *Cvijetinovic v. Eberlin*, 617 F. Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010).  Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b).  See *Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006).  "A party who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections:  to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Id*. (citing *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)).  The Supreme Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), a habeas corpus case

2

(1:16CV00550)

Accordingly, this Court has conducted a *de novo* review of the portions of the magistrate judge's Report to which Petitioner has properly objected.

### III. Law & Analysis

**A. Ground One**

The magistrate judge recommended that Ground One be dismissed on two grounds. First, the magistrate judge recommended that Ground One should be dismissed pursuant to *Estelle v. McGuire*, 502 U.S. 62 (1991), because the Court may not re-examine state court determinations on state law and Petitioner contends that the state court improperly applied state law regarding allied offenses. ECF No. 13 at PageID #: 471. Pursuant to *Volpe v. Trim,* 708 F.3d 688 (6th Cir. 2013) and Ohio Revised Code § 2941.25, the magistrate judge also recommended that Ground One should be dismissed because the Court must defer to the state court's determination that the offenses of murder and felonious assault that Petitioner pleaded guilty to were not allied offenses requiring merger and the sentence imposed was authorized by law. ECF No. 13 at PageID #: 475.

Petitioner objects to "the magistrate [judge's] finding that the only reason a federal court may review a state prisoner's habeas petition is on grounds that the challenged confinement violates the Constitution, laws or treaties of the United States [pursuant to] 28 U.S.C. § 2254(a)." ECF No. 15 at PageID #: 482. Petitioner contends that the magistrate judge applied the incorrect standard of review and should have applied the "[*Brecht v. Abrahamson*, 507 U.S. 619 (1993),] standard of substantial and injurious effect [to assess] the prejudicial impact of constitutional error" in his State court proceeding. *Id.* Under the *Brecht* standard, Petitioner avers that Ground

3

(1:16CV00550)

One is cognizable because the State trial court did not "conduct an evidentiary hearing" and did not state the differentiated facts used to "determine whether or not the offense of which [Petitioner] was convicted were part of the same transaction or act" in violation of Petitioner's Fifth Amendment Double Jeopardy rights. *Id.* at PageID #: 483-84.

Notably, as to Ground One, Petitioner does not refute the magistrate judge's factual conclusions nor the legal authority relied on by the magistrate judge in support of dismissal. Therefore, the Court is not compelled to address those herein. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Petitioner, instead, generally asserts that the magistrate judge applied the wrong standard of review in evaluating the merits of his petition. Petitioner is incorrect in his assertion.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to all federal habeas petitions filed after the Act's effective date. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). In Petitioner's case, the AEDPA's controlling provision states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4

(1:16CV00550)

28 U.S.C. § 2254(d) (emphasis added).  Accordingly, it is now a well-established rule of law that the AEDPA established the standard of review that federal courts must apply when considering petitions for a writ of habeas corpus.  *See Harris v. Stovall*, 212 F.3d 940, 942 (6th Cir. 2000) ("Federal habeas review of the state court's decision is governed by the standards established by the AEDPA.").  In *Williams v. Taylor*, 529 U.S. 362 (2000), the Supreme Court dictated the standard of review that a federal habeas court must apply under § 2254(d).  *Harris*, 212 F.3d at 942.  In *Williams*, the Supreme Court held that:

> A decision is "contrary to" clearly established federal law when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."[ ]
>
> A state court's adjudication only results in an "unreasonable application" of clearly established federal law when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."

*Otte v. Houk*, 654 F.3d 594, 599-600 (6th Cir. 2011) (quoting *Williams*, 529 U.S. at 412-13) (internal citation omitted).

Petitioner is correct in his assertion that federal courts must apply the *Brecht* standard of harmless error on collateral review.  *See Ruelas v. Wolfenbarger,* 580 F.3d 403, 411 (6th Cir. 2009) (ruling that *Brecht* is "always the test" in this Circuit).  But, *Brecht* would only apply after a petitioner has met his burden under section § 2254(d).  If a district court finds the AEDPA standard of review dispositive of a petitioner's claims, *Brecht* would not be implicated because petitioner's claim is not cognizable under the AEDPA.  *See Fry v. Pliler*, 551 U.S. 112, 119

5

(1:16CV00550)

(2007) ("the [] AEDPA,[] sets forth a precondition to the grant of habeas relief "); Horn v. Banks, 536 U.S. 266, 272 (2002) (explaining that "it is of course a necessary prerequisite to federal habeas relief that a prisoner satisfy the AEDPA standard of review set forth in 28 U.S.C. § 2254(d)"). *See also* Ruelas, 580 F.3d at 413 (asserting the assumption that "the state courts unreasonably applied federal law" pursuant to § 2254(d) before proceeding with the "substantial and injurious effect or influence" inquiry under *Brecht*).

Accordingly, the Court finds that the magistrate judge thoroughly and correctly conducted a threshold analysis of Ground One of Petitioner's claims under the AEDPA standard of review. *See* ECF No. 13 at PageID #: 468-75. The Court also finds that the magistrate judge applied the correct standard of review to assess whether Ground One was cognizable under the AEDPA. Petitioner's objection is overruled.

**B. Grounds Two, Three and Four**

The magistrate judge recommended the dismissal of Grounds Two, Three and Four because, pursuant to Kirby v. Dutton, 794 F.2d 245 (6th Cir. 1986), Petitioner "raises alleged errors during state post-conviction proceedings [that] are not cognizable on federal habeas review." ECF No. 13 at PageID #: 476.

Petitioner objects to "the magistrate[ judge's] Report and Recommendation that petitioner's grounds Two, Three and Four are not cognizable on federal habeas review." ECF No. 15 at PageID #: 485. As grounds for his objection, Petitioner states that he "clearly mis-addressed this issue when responding to respondent's motion to dismiss and request[s] to be allowed to properly address this issue now." *Id.* Petitioner then contests for the first time, that

(1:16CV00550)

his "claims are centered around constitutional issues of ineffective assistance of counsel under the Sixth Amendment to the United States Constitution for failure to investigate issues surrounding his case; failure [of counsel] to timely raise his issues on direct appeal." *Id.* at PageID #: 406. Petitioner alleges further that, pursuant to *Strickland v. Washington,* 466 U.S. 668 (1984):

> [C]ounsel clearly failed to obtain any Mental Health Reports of the defendant[] which clearly would have shown a light on the defendant[']s state of mind at the time of the offense. Trial counsel never attempted to even feign preparation of any kind of a defense. Counsel's only effort was to induce Petitioner into a "blind plea" of a first degree felony.

ECF No. 15 at PageID #: 487.

To the extent that Petitioner seeks leave to present new arguments in his objections, the request is denied. The claims raised by Petitioner in Grounds Two, Three and Four of his petition challenge the procedure during Petitioner's state post-conviction proceedings. The arguments raised in Petitioner's objections do not raise the same claim or refute the magistrate judge's findings and recommendation. Petitioner cannot raise new claims or arguments in an objection when those claims or arguments were never presented to the magistrate judge. Accordingly, Petitioner has not properly objected to the magistrate judge's Report and his objections are overruled.

## IV. Conclusion

Petitioner's Objection (ECF No. 15) is overruled and the Report and Recommendation (ECF No. 13) of the magistrate judge is hereby adopted. Tai-Ron R. Crockett's Petition for a Writ of Habeas Corpus (ECF No. 1) is dismissed. The Court certifies, pursuant to 28 U.S.C. §

(1:16CV00550)

1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

      IT IS SO ORDERED.

| | |
|---|---|
| March 20 , 2017 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |